# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Valentin Zuniga, | Case No. 2:23-cv-01782-JAD-BNW |
| Plaintiff, | |
| v. | **Order Adopting Report and Recommendation and Dismissing Case** |
| Senior Officer Garcia, et al., | |
| Defendants. | ECF No. 27 |

On 2/5/25, the magistrate judge entered this report and recommendation [ECF No. 27]:

      This Court entered a screening order in which it directed the Clerk of Court to file Plaintiff's complaint but ordered that the action be stayed for 90 days to allow the parties an opportunity to settle. ECF No. 9. Following an unsuccessful inmate-mediation conference, this Court lifted the stay and ordered Plaintiff to serve Defendants by February 2, 2025. ECF No. 14 (citing Fed. R. Civ. P. 4(m)). The Nevada Attorney General's Office accepted service on behalf of three defendants, and it filed the last-known address of the remaining defendant, Garcia, under seal. ECF Nos. 16, 20, 21.

      Subsequently, this Court directed the Clerk of Court to issue a summons for Defendant Garcia and for the U.S. Marshal to attempt service on him. ECF No. 24. This Court carefully instructed Plaintiff to fill out the blank USM-285 form, which was mailed to him, to indicate on the form that Defendant Garcia's address was filed under seal, and to mail the form no later than January 21, 2025. *Id.* Finally, this Court warned Plaintiff that if he failed to comply with its order, Plaintiff's claims against Defendant Garcia may be dismissed under Rule 4(m). *Id.* On February 3, 2025, the summons was returned unexecuted as to Defendant Garcia because "no USM-285 receive[d] for service." ECF No. 26. Because Plaintiff failed to timely serve Defendant Garcia under Rule 4(m) and failed to comply with a court order, this Court recommends that the case be dismissed without prejudice as to Defendant Garcia.

      Under Federal Rule of Civil Procedure 4(m), if the defendant is not served within 90 days after the complaint is filed, the court, on motion or on its own after notice to the plaintiff, must

dismiss an action without prejudice against a defendant or order that service be made within a specified time. However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). In the absence of good cause, the court has discretion to dismiss the case without prejudice or to extend the time for service. *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001)

Here, this Court ordered Plaintiff to serve Defendants by February 2, 2025. ECF No. 14. Additionally, this Court gave Plaintiff notice that it may dismiss his claims against Defendant Garcia if Plaintiff did not serve him. ECF No. 11. Because Plaintiff has neither served Defendant Garcia nor shown good cause for his failure to do so by the deadline, this Court recommends that the action be dismissed without prejudice against Defendant Garcia under Rule 4(m).

Additionally, in determining whether to dismiss an action, the court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987)).

The first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket, weigh in favor of dismissal of Plaintiff's claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits— weighs against dismissal.

The fifth factor requires the court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the court's need to consider dismissal. Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). Because this action cannot proceed against an unserved defendant, the only alternative is to enter a second order directing Plaintiff to fill out the USM-285 form, the Clerk of Court to

issue a summons and to mail Plaintiff the necessary documents, and the U.S. Marshal to serve Defendant Garcia upon receipt of the form. The circumstances here do not indicate that Plaintiff needs additional time nor is there evidence that he did not receive the court's order. Entering another order and expending more judicial resources is not a meaningful alternative given these circumstances. So, the fifth factor favors dismissal. In balance, the factors above favor a recommendation of dismissal. *See Hernandez v. City of El Monte*, 138 F.3d 393 (9th Cir. 1998) (holdings dismissal is proper where least four factors support dismissal or where at least three factors "strongly" support dismissal).

**IT IS THEREFORE RECOMMENDED that THIS ACTION BE DISMISSED** as to Defendant Garcia for failure to serve him under Rule 4(m) and for failure to comply with a court order.

### Order Adopting Report and Recommendation

The deadline for any party to object to this recommendation was 2/19/25, and no party filed anything or asked to extend the deadline to do so. "[N]o review is required of a magistrate judge's report and recommendation unless objections are filed." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Having reviewed the report and recommendation, I find good cause to adopt it, and I do. IT IS THEREFORE ORDERED that the Magistrate Judge's Report and Recommendation **[ECF No. 27] is ADOPTED** in its entirety, and **THIS CASE IS DISMISSED.** The Clerk of Court is directed to **CLOSE THIS CASE.**

DATED this 25th day of February, 2025.

_____
UNITED STATES DISTRICT JUDGE