**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Valentin Zuniga,

      Plaintiff

v.

Senior Officer Garcia, et al.,

      Defendants

Case No.: 2:23-cv-01782-JAD-BNW

**Order Granting Defendants' Motion for Summary Judgment and Closing Case**

[ECF No. 41]

Valentin Zuniga alleges that High Desert State Prison officials deprived him of legal papers and other personal property in violation of his Fourteenth Amendment due-process rights. At screening, the court permitted that intentional-deprivation-of-property claim to proceed against Senior Officer Garcia—the officer alleged to have inventoried and withheld the property—and against Associate Warden Julie Williams, Deputy Director Brian Williams, and Director James Dzurenda based on allegations that they later failed to remedy the deprivation after learning about it. Garcia was never served and has since been dismissed from this action, leaving only the supervisory defendants. They now move for summary judgment.

The record, viewed in the light most favorable to Zuniga, does not support a finding that any remaining defendant personally participated in the alleged deprivation of his property. At most, the evidence shows that Julie Williams rejected procedurally deficient grievances and that Brian Williams and James Dzurenda served only in supervisory roles within the Nevada Department of Corrections. So I grant the defendants' motion for summary judgment and close this case.

**Background**

Zuniga was housed in High Desert State Prison when two correctional officers brought some of his property to his cell, including a large bag containing loose papers that they identified as his legal work.[1] They also told him that a substantial portion of his legal papers was missing.[2] Zuniga then signed six "Unauthorized Property Notification" forms identifying Senior Officer Garcia as the officer who inventoried his property and withheld numerous items of personal property, including his legal work.[3] One notification described a box that Zuniga contends contained his legal papers as a "laundry bag with box of paper/prison made weight."[4]

A few days later, Zuniga submitted an inmate request asking Garcia to return his legal paperwork, notes, discovery, and other property.[5] Garcia did not respond, and Zuniga maintains that his legal papers and personal property were never returned.[6] Zuniga pursued the prison grievance process, but Julie Williams rejected his grievances because they didn't comply with grievance procedures.[7] He also contends that Brian Williams and Director Dzurenda failed to intervene despite his grievances and failed to ensure that correctional staff properly handled his property.[8]

At screening, I allowed Zuniga to proceed on a Fourteenth Amendment due-process claim against Garcia, Julie Williams, Brian Williams, and Dzurenda based on the alleged

---

[1] ECF No. 1 at ¶¶ 1–2 (verified complaint).

[2] *Id.* at ¶ 2.

[3] *Id.* at ¶ 4.

[4] ECF No. 48 at 58.

[5] ECF No. 1 at ¶ 6.

[6] *Id.* at ¶ 7.

[7] ECF No. 48 at 13, 42.

[8] ECF No. 1 at 3, 5.

deprivation of his property. Garcia was later dismissed after he could not be served, leaving only the claims against the Williamses and Dzurenda. They now move for summary judgment, arguing that the undisputed evidence shows that they did not personally participate in the alleged deprivation of Zuniga's property, that Zuniga cannot establish causation, that they are entitled to qualified immunity, and that Zuniga failed to exhaust his administrative remedies.[9]

## Discussion

### A.    Summary-judgment standards

The principal purpose of the summary-judgment procedure is to isolate and dispose of factually unsupported claims or defenses.[10] The moving party bears the initial responsibility of presenting the basis for its motion and identifying the portions of the record or affidavits that demonstrate the absence of a genuine issue of material fact.[11] If the moving party satisfies its burden with a properly supported motion, the burden then shifts to the opposing party to present specific facts that show a genuine issue for trial.[12]

Who bears the burden of proof on the factual issue in question is critical. When the party moving for summary judgment would bear the burden of proof at trial (typically the plaintiff), "it must come forward with evidence [that] would entitle it to a directed verdict if the evidence went

---

[9] The defendants also argue that summary judgment is warranted because "there is no evidence" that NDOC staff withheld Zuniga's property. But Zuniga's verified complaint states that two officers informed him that certain legal papers were missing. And that assertion also overlooks the "Unauthorized Property Notification" forms on which Zuniga replies. Those forms identify Garcia as the inventorying officer, list the property that Zuniga contends included his legal papers, and advises that property not timely claimed or processed may be donated or destroyed. ECF No. 48 at 57. That evidence precludes the categorical assertion that the summary-judgment record contains no evidence supporting Zuniga's version of events.

[10] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

[11] *Celotex*, 477 U.S. at 323; *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc).

[12] Fed. R. Civ. P. 56(e); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Auvil v. CBS 60 Minutes,* 67 F.3d 816, 819 (9th Cir. 1995).

uncontroverted at trial."[13]  Once the moving party establishes the absence of a genuine issue of fact on each issue material to its case, "the burden then moves to the opposing party, who must present significant probative evidence tending to support its claim or defense."[14]

When instead the opposing party would have the burden of proof on a dispositive issue at trial, the moving party (typically the defendant) doesn't have to produce evidence to negate the opponent's claim; it merely has to point out the evidence that shows an absence of a genuine material factual issue.[15]  The movant need only defeat one element of the claim to garner summary judgment on it because "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."[16]

**B.    Zuniga has not shown that Julie Williams, Brian Williams, or James Dzurenda personally participated in the alleged deprivation of his property.**

The Due Process Clause of the Fourteenth Amendment protects inmates from being deprived of property without due process of law.[17]  To establish liability under 42 U.S.C. § 1983, a plaintiff must show that each defendant personally participated in the alleged constitutional

---

[13] *C.A.R. Transp. Brokerage Co. v. Darden Rests, Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (quoting *Houghton v. South*, 965 F.2d 1532, 1536 (9th Cir. 1992) (citation and quotations omitted)).

[14] *Intel Corp. v. Hartford Accident & Indem. Co.*, 952 F.2d 1551, 1558 (9th Cir. 1991) (citation omitted).

[15] *See, e.g., Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 885 (1990); *Celotex*, 477 U.S. at 323–24.

[16] *Celotex*, 477 U.S. at 322.

[17] *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974).

deprivation.[18]  "There is no respondeat superior liability under [§] 1983."[19]  So supervisors are only liable under § 1983 if Zuniga can show "culpable action, or inaction, [that] is directly attributed to them."[20]  A prison official's denial of a grievance, standing alone, generally does not establish personal participation.[21]

The defendants argue that the undisputed evidence shows that Garcia alone inventoried Zuniga's property and that none of the remaining defendants personally participated in the alleged deprivation.[22]  Zuniga responds that Julie Williams learned through his grievances that Garcia had withheld his legal papers and that Brian Williams and Dzurenda likewise ignored his grievances despite their supervisory authority.[23]

### 1.   *Julie Williams's review of Zuniga's grievances does not establish the personal participation required for § 1983 liability.*

Zuniga's theory as to Julie Williams is straightforward: because she reviewed and rejected his grievances after Garcia allegedly withheld his legal papers, she became aware of the alleged deprivation and is liable for failing to correct it.  But the grievance record does not support that theory.  It shows that Zuniga's grievances were repeatedly rejected for procedural deficiencies before any merits review occurred.  The record also show that J. Matousek and J.

---

[18] *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978)).

[19] *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (citing *Ybarra v. Reno Thunderbird Mobile Home Vill.*, 723 F.2d 675, 680–81 (9th Cir. 1984)).

[20] *Starr v. Baca*, 652 F.3d 1202, 1205 (9th Cir. 2011).

[21] *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (citing *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988)).  But a supervisor responding to a grievance may put a supervisory official on notice that subordinate officers were violating a right which may create liability for failure to intervene.  *Evans v. Skolnik*, 637 F. App'x 285, 288 (9th Cir. 2015) (unpublished).

[22] ECF No. 41 at 7–10.

[23] ECF No. 48 at 5–7.

Scally returned Zuniga's grievances because required documentation and forms were missing.[24] Julie Williams's involvement was similarly procedural; she rejected Zuniga's grievances because Zuniga failed to correct identified deficiencies.[25]

That evidence establishes only that Julie Williams enforced NDOC's grievance procedures. It does not reasonably support the additional inference that she reviewed the merits of Zuniga's property claim, concluded that Garcia had improperly withheld his legal papers, and then deliberately chose not to act. To conclude from those procedural rejections alone that Julie Williams knowingly allowed the alleged deprivation to continue would require speculation rather than a reasonable inference from the evidence. Because the record would require a jury to speculate that Julie Williams reviewed the merits of Zuniga's claim and deliberately chose not to correct an ongoing constitutional violation, it does not create a genuine dispute of material fact on the element of personal participation. Julie Williams is therefore entitled to summary judgment.

### 2. The record contains no evidence that Brian Williams or James Dzurenda personally participated in the alleged deprivation.

Zuniga's theory against Brian Williams and James Dzurenda is that they ignored his grievances, allowed Garcia to continue withholding his legal papers, and failed to train or supervise correctional officers adequately. But unlike Julie Williams, the record does not show that either Brian Williams or Dzurenda reviewed Zuniga's grievances or otherwise became involved in his property claim. Instead, both declare that they do not recall receiving notice of

---

[24] *Id.* at 29–30.

[25] *Id.* at 13, 42.

the alleged deprivation through personal communications from Zuniga, inmate kites, assigned grievances, or other NDOC staff.[26] Zuniga identifies no evidence to the contrary.

Nor has Zuniga produced evidence from which a reasonable jury could conclude that either official allowed Garcia's conduct to continue. His claim rests on the assumption that, because Brian Williams and Dzurenda held supervisory positions within NDOC, they must have learned of Garcia's alleged conduct and deliberately failed to act. But the record contains no evidence supporting that inference. Likewise, although Zuniga alleges that they failed to train correctional officers, he identifies no evidence about the training they provided, any deficiency in that training, or how any training decision by either official caused the alleged deprivation of his property.

Viewing the evidence in the light most favorable to Zuniga, no reasonable jury could conclude that any culpable action or inaction is directly attributable to Brian Williams or Dzurenda. Their supervisory positions, without evidence connecting their own conduct to the alleged constitutional deprivation, are insufficient to establish liability under § 1983.

## Conclusion

IT IS THEREFORE ORDERED that the defendants' motion for summary judgment **[ECF No. 41] is GRANTED.** And with good cause appearing and no reason to delay, the Clerk of Court is directed to **ENTER FINAL JUDGMENT** in favor of the defendants and against the plaintiff and **CLOSE THIS CASE.**

_____
U.S. District Judge Jennifer A. Dorsey
July 1, 2026

---

[26] ECF No. 41-5 at ¶¶ 5–8 (Dzurenda's declaration); ECF No. 41-6 at ¶¶ 5–8 (Brian Williams's declaration).